IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARY RAGSDALE**                                                                                                 **PLAINTIFF**

v.                                        Case No. 4:23-cv-973-JM

**MARK A. PATE, White County Judge,** *et al.*                                                **DEFENDANTS**

## ORDER

Plaintiff Mary Ragsdale brings this civil rights action under 42 U.S.C. § 1983. Her motion to proceed *in forma pauperis* (Doc. 1) is granted. She has little income and few assets. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court must screen her complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A public records search reveals that Ragsdale pleaded guilty to possession of drug paraphernalia in White County Circuit Court in June 2022. *See State v. Ragsdale*, 73CR-21-448 (White County) (Sentencing Order). She was sentenced to 48 months' probation. *Id*. She now sues White County, White County Circuit Judge Mark Pate, her court appointed attorney James Wyatt,

and unnamed Does in their personal and official capacities, alleging that she was unconstitutionally deprived of counsel and coerced into pleading guilty. (Doc. 2). She seeks damages and the expungement of her criminal conviction. (*Id*. at 5).

Ragsdale has not demonstrated that her conviction has been invalidated, reversed, or expunged; therefore, her damages claims cannot proceed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly unconstitutional conviction or imprisonment in proceeding that would render conviction or sentence invalid, plaintiff must prove that conviction or sentence was reversed, expunged, declared invalid, or called into question). In fact, the opposite is true as Ragsdale is currently facing revocation proceedings in that action for violating the conditions of her probation. *See State v. Ragsdale*, 73CR-21-448 (White County) (Revocation Petition). While a *Younger* abstention would usually be in order given the ongoing state criminal proceedings, here it is unnecessary because the relief Ragsdale seeks (damages and expungement) is unavailable in a § 1983 action.

Judge Pate is absolutely immune from suit for actions he took in his judicial role. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Ragsdale has not shown that Judge Pate acted outside of his judicial capacity or absent jurisdiction in accepting her guilty plea. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). As a result, Judge Pate is entitled to absolute immunity from Ragsdale's damages claims. Jim Wyatt is immune from suit for damages because, as appointed defense counsel, he is not considered a state actor who can be sued for damages under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981). To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustee of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (internal citation omitted).

Ragsdale has not made this showing against Jim Wyatt. Finally, Ragsdale's damages claims against both White County and the Doe Defendants fail because she has not alleged any official policy or custom caused her to suffer a constitutional injury. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). Additionally, Ragsdale's request to have her criminal record expunged is unavailable under §1983. A writ of *habeas corpus* is the only federal remedy available when the duration or validity of a conviction is challenged. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Ragsdale's complaint fails to state a claim for relief. It is, therefore, dismissed without prejudice. Her motion for the appointment of counsel (Doc. 3) is denied as moot.

IT IS SO ORDERED this 16th day of November 2023.

_____
UNITED STATES DISTRICT JUDGE